UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAURA ST MARTIN,<br><br>    Plaintiff,<br><br> v.<br><br>CAROLYN COLVIN, Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 14-5781 RJB<br><br>ORDER ON MOTION FOR ATTORNEY'S FEES |

  This matter comes before the Court on the Plaintiff's Motion for Attorney's Fees under 28 U.S.C. § 2412(d). Dkt. 21. The Court has considered the pleadings filed regarding the motion and the remaining file.

  **Background Facts and Procedural History**. The Plaintiff filed this case for social security disability benefits on October 1, 2014, arguing in her opening brief, in part, that if certain medical evidence was properly credited-as-true, the Commissioner's decision should be reversed, and an immediate award of social security benefits should be given. Dkts. 1 and 12. The Commissioner responded, conceded that harmful error was made and that the prior position

ORDER ON MOTION FOR ATTORNEY'S FEES- 1

was not substantially justified, but argued that the case should be remanded for further proceedings. Dkt. 13. The Commissioner argued that the Plaintiff had not met the credit-as-true test set out in *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) and that crediting-as-true improperly rejected medical evidence for an immediate award is rarely used. *Id.* Plaintiff filed a reply brief, and again argued that an immediate award of benefits is warranted under *Treichler*. Dkt. 14.

On June 10, 2015, U.S. Magistrate Judge David Christel issued a Report and Recommendation, recommending: (1) reversal of the Commissioner's decision that the Plaintiff was not disabled for purposes of social security benefits and (2) remand of the case to the Commissioner for further proceedings. Dkt. 16. Plaintiff filed objections and again asserted that an immediate award of benefits was proper. Dkt. 17. On July 17, 2015, this Court adopted the Report and Recommendation, reversed the Commissioner's decision, and remanded the case. Dkt. 19. The undersigned held that Plaintiff had not met the *Treichler* credit-as-true test. *Id*.

**Pending Motion**. Plaintiff now files a Motion for Attorney's Fees under 28 U.S.C. § 2412(d), seeking $4,846.93. Dkt. 21. The Commissioner responds, and argues that the award of fees should be reduced by $2,039.06 because Plaintiff's counsel's work, after the Commissioner conceded that harmful error was made, was unwarranted and did not contribute to Plaintiff's success in the litigation. Dkt. 23. The Commissioner maintains that Plaintiff's counsel's filing of a reply (Dkt. 14) and Objections to the Report and Recommendation (Dkt. 17), urging an immediate award of benefits, was unnecessary because the Commissioner had already conceded the case should be remanded and an immediate award of benefits is rare under the *Treichler* credit-as-true test. *Id.*

**Award of Fees Standard**. The Equal Access to Justice Act (EAJA) provides that in any action brought by or against the United States, "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds the position the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In determining what constitutes a "reasonable" award of attorney's fees under 28 U.S.C. § 2412(b), Ninth Circuit courts use the "lodestar" method and other cases interpreting 42 U.S.C. § 1988. *Costa v. Colvin*, 690 F.3d 1132, 1135 (9th Cir. 2014).

The court arrives at the "lodestar amount" by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "While in most cases the lodestar figure is presumptively reasonable, in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69-70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)(*internal and quotations citations omitted*).

Under *Kerr,* the court considers the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425

U.S. 951 (1976). These considerations are consistent with Washington Rules of Professional Conduct 1.5.

**Award of Fees**. Plaintiff's motion for an award of fees in the amount of $4,846.93 (Dkt. 21) should be granted.

Using the "lodestar" method, Plaintiff's counsel's hourly rate of $190.06 for 2014 and $189.68 for 2015 is reasonable for the Western District of Washington. *Bell v. Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003)(in determining hourly rates, the court must look to the "prevailing market rates in the relevant community"). The Commissioner does not take exception to Plaintiff's counsel's hourly rates.

Turning to whether the number of hours requested is reasonable, in the Ninth Circuit, "[t]he number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)(*citing McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir.2008)).

Plaintiff has sufficiently shown that the number of hours requested is reasonable. While counsel was unsuccessful in his bid to acquire an immediate award of benefits for Plaintiff, it cannot fairly be said that his attempts were "excessive, redundant, or unnecessary." His position on whether the improperly handled medical evidence should be credited-as-true and that Plaintiff be given benefits was not without merit. "[C]ourts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Costa*, at 1136. His request for 25.5 hours is reasonable.

Review of the fee request using the *Kerr* factors does not change this analysis. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly all counsel against a downward departure in the fee award. Further, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, the contingent nature of the fee, and the time limitations imposed by the client or the circumstances also favor no change in the fee award. The amount involved and the results obtained, the experience, reputation, and ability of the attorneys, the 'undesirability' of the case, the nature and length of the professional relationship with the client, and awards in similar cases all also are either neutral or disfavor a reduction in the fee request.

Plaintiff's Motion for Attorney's Fees under 28 U.S.C. § 2412(d) (Dkt. 21) should be granted, and awarded attorney's fees in the amount of $4,846.93. In accord with Plaintiff's proposed order: attorney fees should be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010). Attorney fees are paid pursuant to 28 U.S.C. §1920. Further: if Plaintiff has no such debt, then the check should be made out to Plaintiff's attorney and mailed to Plaintiff's attorney's office as follows: Merrill Schneider, P.O. Box 14490, Portland, OR 97293. If Plaintiff has a debt, then the check for any remaining funds after offset of the debt should be made to Plaintiff and mailed to Plaintiff's attorney's office at the address stated above.

## ORDER

- Plaintiff's Motion for Attorney's Fees under 28 U.S.C. § 2412(d) (Dkt. 21) **IS GRANTED**, and Plaintiff is **AWARDED** attorney's fees in the amount of $4,846.93;

ORDER ON MOTION FOR ATTORNEY'S FEES-
5

- Attorney fees will be paid to Plaintiff's attorney, dependent upon verification that Plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010).
- If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorney and mailed to Plaintiff's attorney's office as follows: Merrill Schneider, P.O. Box 14490, Portland, OR 97293.  If Plaintiff has a debt, then the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorney's office at the address stated above.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of November, 2015.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge